Case 3:06-cv-01683-JM-PCL   Document 29   Filed 08/14/07   PageID.347   Page 1 of 9

FILED

2007 AUG 14  AM 9:09

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| STEVEN HARPER,<br><br>　　　　　　　Petitioner,<br><br>vs.<br><br>KEN CLARK, Warden,<br><br>　　　　　　　Respondent. | CASE NO. 06 CV 1683 JM (PCL)<br><br>ORDER (1) OVERRULING PETITIONER'S OBJECTIONS, (2) ADOPTING IN PART AND REJECTING AS MOOT IN PART REPORT AND RECOMMENDATION, (3) DENYING AS MOOT MOTION TO STAY FEDERAL PROCEEDINGS, AND (4) DENYING PETITION FOR WRIT OF HABEAS CORPUS |
|---|---|

## BACKGROUND

On October 26, 2006, Petitioner Steven Harper, a state prisoner proceeding pro se, filed a First Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner has also filed a motion to stay the present application so that he may exhaust his state remedies. On December 14, 2006, Respondent filed a Motion in Opposition and a Motion to Dismiss, arguing Petitioner failed to exhaust his claims and that his Petition is barred by the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") statute of limitations. Pending before the court is the Report and Recommendation ("R&R") issued by Magistrate Judge Peter C. Lewis, recommending that Petitioner's Motion for a Stay and Abeyance be denied and that Respondent's

1 | Motion to Dismiss be granted. Petitioner filed a timely objection. Respondent has
2 | filed no objections.

## DISCUSSION

The court reviews a magistrate judge's R&R according to the standards set forth in FRCP 72(b) and 28 U.S.C. § 636. The court "shall make a de novo determination of those portions of the report . . . to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. 667, 676 (1980).

Petitioner objects to the R&R's finding that the present petition, filed October 26, 2006, is untimely due to the expiration of AEDPA's one-year limitations period. Petitioner argues, under Bennett v. Artuz, 199 F.3d 116 (2d. Cir. 1999), that the statutory limitations period does not begin until a petitioner receives notice of the final state decision. Petitioner further argues in his objections that even if the statutory limitations has expired, the R&R's conclusion that the present petition is not entitled to equitable tolling is contrary to Jenkins v. Johnson, 330 F.3d 1146 (9th Cir. 2003).

## OBJECTIONS REGARDING STATUTORY TOLLING

The statute of limitations for federal habeas petitions is established by 28 U.S.C. § 2244, which provides in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time seeking such review; . . .
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

§ 2254(d). It is undisputed that the California Supreme Court denied Petitioner's petition on August 24, 2005, that Petitioner never received notice of the denial, and that, if the statute of limitations had continued to run beginning August 24, 2005,

1  Petitioner had until September 30, 2005, to file. R&R at 10; Obj. at 2. At issue here
2  is the interpretation of "pending" in subsection (d)(2).
3        The R&R rejects Petitioner's argument that a state review is "pending" until
4  an inmate receives actual notice of denial. R&R at 12. The R&R asserts that
5  Petitioner's reliance on Artuz, supra, is misplaced because, although the Second
6  Circuit did hold that a review is "pending" until "finally disposed of," "[t]he
7  necessity of a petitioner receiving notice is never mentioned." R&R at 12 (citing
8  Artuz, 199 F.3d at 120). The R&R also states that state review is pending until the
9  application has achieved final resolution, Carey v. Saffold, 536 U.S. 214, 220
10 (2002), and that the California Rules of Court recognize denials of habeas petitions
11 by the California Supreme Court to be final on filing. R&R at 12-13 (citing Cal. R.
12 Ct. 29.4(b)(2)).[1] Thus, the R&R found that Petitioner's habeas petition to the
13 California Supreme Court ceased to be "pending," and the statute of limitations
14 continued to run, once the denial was issued on August 24, 2005.
15       Petitioner reasserts in his objections his contention that the "statute of
16 limitations period could not start until Petitioner received notice of said denial."
17 Obj. at 2. Petitioner objects to the R&R's reading of Artuz, and Petitioner again
18 claims that "the Court in Artuz made it clear that the petitioner's time period could
19 not begin because he was never served with a notice." Id. Petitioner cites the
20 following language in Artuz in support of his contention: "if Appellant was never
21 served with a copy of the order denying the 1995 Motion he could not apply for a
22 certificate for leave to appeal because the thirty-day period for applying for the
23 certificate has not yet commenced." Obj. at 2 (citing Artuz, 199 F.3d at 120).
24 Petitioner also points to California Rule of Court 29.4(a) to emphasize that the clerk
25 has a duty to forward notice of the Supreme Court's decision to all parties. Obj. at 4.

---

[1] Effective July 1, 2007, California Rule of Court 29.4(a) was re-numbered as California Rule of Court 8.532, although the "final on filing" rule for purposes of the instant case appears not to have changed. See http://www.courtinfo.ca.gov/rules/ (last visited Aug. 2, 2007). The court will refer to Rule 29.4(a) since that is how the magistrate and the parties refer to the rule.

It is true that the Second Circuit held in <u>Artuz</u> that "a state-court petition is 'pending' from the time it is first filed until finally disposed of and further appellate review is unavailable under the particular state's procedures." <u>Artuz</u>, 199 F.3d at 120. Similarly, the United States Supreme Court has held that "until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.'" <u>Carey</u>, 536 U.S. at 220. The interpretation of "pending," then, will depend on the rules of court of the particular state.

Putting aside that <u>Artuz</u>, a Second Circuit case, is not binding on this court, the main divergence between the assertions made by Petitioner and the R&R is whether or not <u>Artuz</u> mentions the necessity of petitioner receiving notice when discussing whether a motion is "pending." R&R at 12; Obj. at 3. On this issue, Petitioner is correct that <u>Artuz</u> held that a petitioner's motion remained pending for purposes of the AEDPA tolling provision because the petitioner had not yet been served with a copy of the order denying the motion. <u>Artuz</u>, 199 F.3d at 120 ("[T]he 1995 Motion was and is still 'pending' in the New York courts for purposes of the AEDPA tolling provision. If Appellant was never served with a copy of the order denying the 1995 Motion, he could not apply for a certificate for leave[.]"). Petitioner fails to recognize, however, that the court's holding in <u>Artuz</u> hinges on New York Court Rules § 670.12 and New York Criminal Procedure Law § 460.10, which require the defendant to be served with a copy of the order before state appellate procedure is exhausted, the order becomes final, and statute of limitations under AEDPA begins. <u>Artuz</u>, 199 F.3d at 120.

Although, as set forth in <u>Artuz</u>, a New York decision becomes final when the petitioner is served with notice, this is not the rule in California. Rather, "denials of habeas petitions by the California Supreme Court . . . become 'final on filing.' <u>See</u> Cal. R. Ct. 29.4(b)(2). Again, reception of the decision by the parties is not a consideration, and therefore not necessary." R&R at 13. The R&R is correct in its finding that, under California Rules of Court, whether a petition is pending does not

hinge on receipt of notice that the petition has been decided. Accordingly, the court adopts the R&R's findings and conclusions with respect to statutory tolling.

**OBJECTIONS REGARDING EQUITABLE TOLLING**

On the issue of equitable tolling, the R&R applied Knight v. Schofield, 292 F.3d 709, 711 (11th Cir. 2002), and Woodward v. Williams, 263 F.3d 1135, 1143 (10th Cir. 2001). The R&R interpreted those authorities as requiring Petitioner to prove, as a prerequisite to application of equitable tolling for failure to receive notice of a final state disposition, that (1) notice was delayed, (2) petitioner had diligently attempted to ascertain the status of the state court's order, and (3) the delay prevented petitioner from filing a timely federal petition. R&R at 14-15. Since Petitioner provided no evidence of "an earnest and conscientious effort . . . to determine the fate of his state habeas appeal", nor had Petitioner provided any evidence that the delay prevented Petitioner from timely filing the present petition, the R&R concluded that equitable tolling was unavailable. Id. at 15.

Petitioner does not object to the R&R's finding that no showing of diligence was made in this case, and indeed Petitioner's pleadings make no allegations of diligence. Rather, Petitioner argues essentially that, pursuant to Jenkins v. Johnson, 330 F.3d 1146 (9th Cir. 2003), diligence is not a prerequisite to a grant of equitable tolling when the asserted cause of delay is a state court's failure to send notice to the petitioner. See Obj. at 8. Petitioner further objects on the ground that it was the state's failure to meet its affirmative obligation to send him notice that delayed filing of the present petition, and that equity should not permit Respondent to "'invite the error' and then capitalize from it by attempting to foreclose Petitioner's right to seek relief in these proceedings." Obj. at 9; see Cal. R. Ct. 29.4(a) ("[T]he Supreme Court clerk must promptly file all opinions and orders issued by the court and promptly send copies showing the filing date to the parties and, when relevant, to the lower court or tribunal.").

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418

(2005) (citing <u>Irwin v. Department of Veterans Affairs</u>, 498 U.S. 89, 96 (1990)); <u>see also</u> <u>Spitsyn v. Moore</u>, 345 F.3d 796, 799 (9th Cir. 2003) (holding that a habeas petition may be equitably tolled when extraordinary circumstances beyond the prisoner's control make it impossible to file a timely federal petition). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." <u>Miles v. Prunty</u>, 187 F.3d 1104, 1107 (9th Cir. 1999). The petitioner must show that the extraordinary circumstances were the cause of the untimeliness. <u>Spitsyn</u>, 345 F.3d at 799 (citing <u>Stillman v. LaMarque</u>, 319 F.3d 1199, 1203 (9th Cir. 2003) and <u>Valverde v. Stinson</u>, 224 F.3d 129, 134 (2d Cir. 2000)). "[T]he threshold necessary to trigger equitable tolling (under AEDPA) is very high, lest the exceptions swallow the rule." <u>Miranda v. Castro</u>, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting <u>United States v. Marcello</u>, 212 F.3d 1005, 1010 (7th Cir. 2000) (internal quotations omitted).

The court, after further inquiry into the relevant authorities, finds that the R&R was correct to conclude that a showing of diligence is required before Petitioner may be entitled to equitable tolling, even when the reason for untimeliness is a state's failure to send notice of its final disposition. Established case law provides, without exception, that Petitioner, to be granted equitable tolling, must show that he pursued his rights diligently. <u>Pace</u>, 544 U.S. at 418; <u>Irwin</u>, 498 U.S. at 96; <u>Guillory v. Roe</u>, 329 F.3d 1015, 1016 (9th Cir. 2003); <u>Corjasso v. Ayers</u>, 278 F.3d 874, 879 (9th Cir. 2002); <u>Miles</u>, 187 F.3d at 1107; <u>cf.</u> <u>Allen v. Lewis</u>, 255 F.3d 798, 800 (9th Cir. 2001) (opining that without a showing of diligence, it would be more difficult for a petitioner, who is at the beginning or middle of the limitations period, to show that the extraordinary circumstance was the cause the petition's untimeliness).[2] The court's further research

---

[2]Although in <u>Stillman v. LaMarque</u>, 319 F.3d 1199, 1202-03 (9th Cir. 2003), the Ninth Circuit did not address the issue of diligence before holding that the petitioner was entitled to equitable tolling of a state petition, the timeliness of which affected whether his federal petition was timely, the facts in that case involved the inmate's attorney sending the petition via overnight mail to a prison official on August 10, one day before the last day on which a federal petition could be filed (August 11), with the understanding that the prison official would have the inmate sign the petition on

into this particular area of law yielded additional Ninth Circuit authorities which buttress the R&R's conclusion that Petitioner must show diligence before his petition may be equitably tolled. Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006); Mendoza v. Carey, 449 F.3d 1065, 1071 n.6 (9th Cir. 2006); Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006).

Petitioner does not claim he made any inquiry into the status of his state habeas petition after that petition was filed in November 2004, even after the present R&R was issued and Petitioner was given the opportunity to provide objections as to whether a factual showing of diligence has been made in this case. Petitioner does not mention how he finally heard of the denial of his petition with the California Supreme Court,[3] but eleven months passed after the denial until Petitioner attempted to file a habeas petition in this court, and over twenty-one months had passed since Petitioner filed the state petition in November 2004. Petitioner bears the burden of showing he pursued his rights diligently; he has not satisfied that burden. Even assuming that only a minimal showing of due diligence is required, Petitioner has failed to provide the court with *any* factual basis for finding that this requirement is met. Furthermore, Petitioner has not pointed to any authority providing that a petitioner is not required to make a concerted effort to ascertain the status of his case, even if court rules mandate that he

---

August 11 and fax the signed petition back to the attorney for immediate filing on August 11. The prison official instead presented the petition to the inmate on August 12, after the statutory limitations period expired, and returned the signed petition back to the attorney on August 18. Id. at 1200-01. The Ninth Circuit in Stillman did not expressly address the issue of diligence, but could have found diligence by the attorney's efforts to file as soon as possible given the circumstances. Id. By contrast, here Petitioner waited almost eleven months after expiration of the statutory limitations period to file his federal petition.

[3]It is unclear from the record how Petitioner eventually found out about the California Supreme Court's denial. Petitioner clearly knew about it at the time he filed the instant petition in its original form on August 18, 2006, which was rejected for failure to pay the filing fee or move to proceed in forma pauperis. In that original petition, Petitioner indicates that the California Supreme Court denied collateral review of his conviction on August 24, 2005. See Docket No. 1 at p. 5. Regardless, the court accepts the magistrate's factual finding that Petitioner never received notice, a finding to which neither party has objected. Orand v. United States, 602 F.2d 207, 208 (9th Cir. 1979) ("If neither party contests the magistrate's proposed findings of fact, the court may assume their correctness and decide the motion on the applicable law.")

1 | be notified of the outcome.

2 |   <u>Jenkins</u>, cited in Petitioner's objections, does not advance Petitioner's cause. Although the petitioner in <u>Jenkins</u> made arguments similar to those made by Petitioner here–that equitable tolling should apply when the cause of untimeliness is a state court's failure to timely notify a petitioner of its denial–the court in <u>Jenkins</u> did not find that the petitioner was entitled to equitable tolling. Rather, it remanded the case to the district court to determine statutory tolling and noted that the petitioner could argue equitable tolling at that time. <u>Jenkins</u>, 330 F.3d at 1155.

  In sum, the R&R correctly found that Petitioner had failed to properly establish that he diligently attempted to ascertain the status of his state petition and that therefore, under established case law, Petitioner is not entitled to equitable tolling.

**OBJECTIONS REGARDING MOTION TO STAY AND ABEY**

  Next, Petitioner objects to the R&R's conclusion that Petitioner has failed to show good cause why the present petition should be stayed and held in abeyance. Since the court agrees with the R&R that the petition is untimely, and therefore finds that it should be dismissed with prejudice, the court denies the motion to stay as moot.

//
//
//
//
//
//
//
//
//
//
//

## CONCLUSION

For the foregoing reasons, Petitioner's objections are **OVERRULED** in their entirety. See Docket No. 28. The court **ADOPTS** the R&R's findings with regard to timeliness and **REJECTS AS MOOT** its findings with regard to the motion to stay. See Docket No. 26. Accordingly, Respondent's motion to dismiss is **GRANTED**, see Docket No. 20, and Petitioner's motion to stay is **DENIED AS MOOT**. See Docket No. 3. The petition is **DENIED** with prejudice for untimeliness.

**IT IS SO ORDERED.**

DATE: August 7, 2007

JEFFREY T. MILLER
United States District Judge

cc: Magistrate Judge Lewis
all parties

06cv1683 Harper R&R order adopt & reject.wpd